CERTIORARI to justice Stockly.
Record. Rees vs. Davis. Plea of debt for $5 due by account. *Page 491 
Summons issued, returnable August 9th. 1842, returned "served personally;" and "on the 9th of August 1842. the defendant asks a continuance and trial is postponed to Tuesday the 10th instant, on which day the plaintiff being necessarily absent, trial is again postponed to Tuesday, the 23d. instant. Subpoena issued for plaintiff. And now, to wit: this 23d of August, 1842, the plaintiff appears: the defendant sends his plea of nil debet; he puts the plaintiff upon his proof and declines to appear in person: upon a hearing judgment is hereby given against the said Isaac Davis, the defendant, in favor of the said John P. Rees, the plaintiff, for the sum of $3 20 debt and 76 cents costs."
The exceptions were — 1st. That the defendant never appeared, and judgment was given against him by default, without any verification of the service of the summons. 2d. That the judgment was rendered by default, without a hearing of the proofs and allegations of the plaintiff.
Frame, for defendant below, argued that this was essentially a judgment by default; that the defendant never appeared; that the request for a postponement might have been made by letter and without appearance. The record ought to have shown the appearance affirmatively, to remove such errors as an appearance cures. It was not doubted that if this was a judgment by default for want of an appearance, the omission to verify the constable's return was fatal.
Bates, for plaintiff below, contended that the record showed an appearance. The defendant had no right to plead; no right to ask a postponement of the cause without an appearance; and such application or plea is an appearance. The act of assembly does not require the justice to note the appearance of the defendant; and the best evidence of appearance is the putting in a plea, or otherwise acting in defence of the cause. Can the defendant after obtaining a postponement of the cause, be permitted to deny his appearance?
Frame, in reply. — The great essential of a cause is parties in court, and there can be no more important matter to be stated on the record than the appearance of the defendant. An appearance must be a personal attendance, (or at least by agent,) at the time and place mentioned in the warrant. A postponement at the request of a party made out of court, or even by letter; or a plea thus put in would be irregular, and would not amount to an appearance.
The Court affirmed the judgment, considering that the record showed an appearance of the defendant on the first day. He could *Page 492 
not ask a postponement, and put in a plea, without appearance. It also sufficiently appears that the justice heard the proofs in the cause. The defendant by pleading nil debet, put the plaintiff to the proof of his whole case, and the record says the judgment was rendered "upon a hearing," after this plea, which must be taken to be a hearing of the case upon proof and allegation.
 Judgment affirmed.